UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ESSEX INSURANCE COMPANY,
- Plaintiff

v. CIVIL NO. 3:07-CV-919 (CFD)

INTERSTATE FIRE & SAFETY
EQUIPMENT CO., INC./INTERSTATE
FIRE & SAFETY CLEANING CO., INC.
- Defendant.

**RECOMMENDED RULING AND ORDER ON DEFENDANT'S MOTION TO COMPEL**

The defendant, Charter Oak Fire Insurance Company ("Charter Oak"), has filed a motion to compel the plaintiff, Essex Insurance Company ("Essex"), to produce full responses to Charter Oak's interrogatories and production requests. (Dkt. # 95.) As set forth below, the defendant's motion is **GRANTED in part** and **DENIED in part.**

I. Standard of Review

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. "Relevance" under Federal Rule of Civil Procedure 26(b)(1) has been construed broadly to include "any

matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  A party may object to a relevant discovery request, however, if it is "overly broad" or "unduly burdensome."  See 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶¶ 33.173[3]-[4] (3d ed. 2004).  To assert a proper objection on this basis, however, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad."  Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984).  Instead, the objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."  Id.; see also Hickman v. Taylor, 329 U.S. 495, 507 (1947) (stating that "the deposition-discovery rules are to be accorded a broad and liberal treatment").

**II.  Interrogatories and Production Requests in Dispute**

    **A.  Interrogatory No. 3**

Charter Oak alleges that Essex failed to properly comply with Interrogatory No. 3 for three reasons: (1) because Essex failed to sufficiently identify the individuals named in the interrogatory;

(2) because Essex cannot rely upon Federal Rule of Civil Procedure 33(d) in responding to the interrogatory; and (3) because Essex failed to provide the document that Essex relied upon in answering this interrogatory.  (Def.'s Mem. 12-15.)

In view of Federal Rule of Civil Procedure 33(d), Essex did not fully respond to Interrogatory No. 3.  However, after realizing what Charter Oak intended Interrogatory No. 3 to elicit, Essex did provide a supplemental response that contains most of the information that Charter Oak requested.  Nevertheless, as Charter Oak asserted, District of Connecticut Local Rule 26(c)(3) requires Essex to provide, "to the extent known, the person's full name, present or last known address, and . . . , the present or last known place of employment."  In its supplemental response to Interrogatory No. 3, Essex provided only the names and employers of five individuals.  It failed to provide the present or last known address for each of those five individuals.  Accordingly, Essex is hereby ordered to supplement the list of names it provided to Charter Oak with the present or last known address of each individual listed.  See Smith v. Equifax Info. Servs., No. 3:04-CV-1660(CFD), 2005 U.S. Dist. LEXIS 24742, at *6-7 (D. Conn. Oct. 18, 2005).  If these addresses are not known, Essex shall so indicate in its new supplement.  Charter Oak's motion to compel Essex's full response to Interrogatory No. 3 is therefore **granted.**

B.   **Interrogatory No. 4**

Charter Oak again asserts that Essex did not fully respond to this interrogatory. Indeed, Essex failed to identify "any and all insurance agents or insurance brokers . . ." in accordance with Local Rule 26(c)(3), which required Essex to provide each person's name *and* present or last known address. Accordingly, Essex is hereby ordered to supplement the list of agents and brokers' names it provided to Charter Oak in its supplemental response with the present or last known address of each agent or broker. If these addresses are not known, Essex shall so indicate in its new supplement. Charter Oak's motion to compel Essex's full response to Interrogatory No. 4 is therefore **granted.**

C.   **Interrogatory No. 5**

Charter Oak asserts that Essex responded evasively and incompletely to Interrogatory No. 5, and therefore must respond with greater specificity and particularity to Charter Oak's request for "all facts, documents and/or legal authority upon which [Essex relies] . . . ." (Def.'s Mem. 16-18.) In response, Essex argues that it provided Charter Oak with its policy because "this action is based on the language and contents of the policy." In so arguing, Essex appears to imply that its policy contains the facts, documents and/or legal authority that Charter Oak requested. Essex also asserts, without any legal authority to support its position, that Charter Oak impermissibly asked Essex to cite case law in its

response to Interrogatory No. 5.

First, Federal Rule of Civil Procedure 33(a)(2) states that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, what Charter Oak has requested is plainly discoverable. The question is whether Essex provided responsive documents and/or information in its initial and supplemental response.

It is clear that Interrogatory No. 5 requests information that lies at the heart of Essex's complaint for declaratory judgment. It plainly asks Essex to produce –- with particularity -- all of the facts, documents, and legal authority upon which Essex relies when arguing that it owes no duty to defend or indemnify Interstate. Essex's factual and legal basis for the claim at the center of its lawsuit could hardly be more relevant. In fact, Charter Oak used the same wording in Interrogatory No. 5 that Essex used on the first page of its complaint. Yet, despite how obviously important Essex's response would be to Charter Oak's straightforward and relevant interrogatory, Essex failed to

identify with particularity the facts, documents, and legal authority it relies upon in this case.

Indeed, Essex's best effort was to merely refer Charter Oak to the "language of [its insurance] policy including, but not limited to, the portion of the policy pertaining to coverages, the Combination General Endorsement, and the Declarations Page." (Pl.'s Obj. Sept. 14, 2009 at 4.)  Moreover, in its supplemental response on October 22, 2009, Essex promised to provide Charter Oak with the testimony of William Barnes in a case it described as "????????."  (Pl.'s Supp. Resp. at 3.)  Essex never provided this testimony to Charter Oak.  Even the policy documentation to which Essex referred Charter Oak spans dozens of pages.  Therefore, Essex has not identified with particularity and specificity the facts, documents, and legal authority upon which it relies for pursuing the declaratory judgment it seeks.

In response to Essex's assertion that case law must not be solicited in an interrogatory, Charter Oak has aptly argued that an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  See Fed. R. Civ. P. 33(a)(2); In re Priceline.com, Inc. Sec. Litig., 233 F.R.D. 83, 87 (D. Conn. 2005).  Thus, because the function of interrogatories is to avoid unnecessary depositions, to minimize delay, and to narrow the issues at trial in an inexpensive fashion, and because Essex has not provided with

particularity any facts, documents, or legal authorities to support its assertion that it owes no duty to defend or indemnify Charter Oak, Essex has failed to fully and properly respond to this interrogatory.  See 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 33.03 (3d ed. 2004).  Essex is hereby ordered to fully respond to Interrogatory No. 5.  Charter Oak's motion to compel Essex's full response to Interrogatory No. 5 is therefore **granted.**

### d. Interrogatory No. 6

District of Connecticut Local Rule 26(d)(3) states that "[w]hen referring to a person, to 'identify' means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."  On October 22, 2009, Essex listed in its supplemental response six people as having knowledge or information concerning Essex's claim in paragraph 15 of the complaint.  Essex then provided six business names that presumably represent each individual's present or last known employer.  However, Essex failed to provide an address for each individual.

One important purpose of interrogatories is to "obtain information necessary to use other discovery devices effectively, including identifying witnesses whose depositions should be taken . . . ."  See 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 33.03 (3d ed. 2004).  Essex has not provided the information necessary

for Charter Oak to effectively plan for and carry out possible depositions of these six individuals. Accordingly, Essex is hereby ordered to fully supplement this deficient supplemental response to Charter Oak. Charter Oak's motion to compel Essex's full response to Interrogatory No. 6 is therefore **granted**.

    **e.**    **Interrogatory No. 7**

Essex has acknowledged that its initial answer to Interrogatory No. 7 was non-responsive. (Pl.'s Obj. Oct. 22, 2009 at 4.) Essex also assured Charter Oak that it would "supplement [its] answer to include the codes and classifications that would apply." Id. However, Essex did not include the applicable codes and classifications in its supplemental response on October 22, 2009. Accordingly, Essex is hereby ordered to provide the applicable codes and classifications to Charter Oak. Charter Oak's motion to compel Essex's full response to Interrogatory No. 7 is therefore **granted**.

    **f.**    **Interrogatory No. 8**

Essex's aforementioned set of supplemental responses included a response to Interrogatory No. 8. In so responding, Essex complied with Local Rule 26(c) insofar as that rule required Essex to provide information about the type, date, authors, addresses, and recipients of the relevant communications and documents. Essex, therefore, has fully answered Interrogatory No. 8. Charter Oak's motion to compel Essex's full response to Interrogatory No.

8 is therefore **denied**.

    **g.    Interrogatory No. 9**

Essex has provided what appears to be a statement from William Barnes, dated December 15, 2006, in its set of supplemental responses to Charter Oak's interrogatories and requests for production. (Dkt. # 101, Ex. A, pgs. 53-54.) In so doing, Essex has responded to Interrogatory No. 9 properly, as it has identified William Barnes as the author and established that the statement was handwritten. There was no need for Essex to identify the name and address of the individual(s) who took Barnes's statement because Essex showed that it was personally handwritten by the author. In this way, Essex's response to Interrogatory No. 9 is full and complete.

However, Essex also assured Charter Oak that it would provide "several hundred pages of transcripts from a trial which relates to the fire which is the basis of this lawsuit." (Pl.'s Obj. at 5.) On September 14, 2009, Essex cited the specific case from which these transcripts originated: <u>Popescu v. JC Corporation</u>. (Pl.'s Obj. Disc. Req. at 5.) However, Essex has not provided these transcripts. Since these transcripts presumably contain testimony, whether from depositions or otherwise, that relates to the fire at issue in this case, and since these transcripts are ostensibly under Essex's control, Essex has failed to fully answer Interrogatory No. 9. Therefore, Essex is hereby ordered to comply

with Interrogatory No. 9 by producing the transcripts in <u>Popescu</u> and any other case involving the fire at issue in the instant action.  Charter Oak's motion to compel Essex's full response to Interrogatory No. 9 is therefore **granted**.

### h. Requests for Production

Essex objected to several of Charter Oak's requests because they were allegedly "overly broad," "unduly burdensome," and designed to solicit "irrelevant and unnecessary information" that is not likely to lead to the discovery of admissible evidence. Essex also asserted that the requests sought information that is subject to the attorney client privilege and/or work product doctrine. (Pl.'s Obj. Disc. Req. at 5.) In response to Request No. 3, moreover, Essex argued that the items Charter Oak sought are "not under plaintiff's control and, therefore, the request is more appropriately directed to other entities." Nevertheless, Essex satisfied these production requests without waving its objections thereto.

Charter Oak argues that Essex waived its objections to Charter Oak's production requests by failing to timely file a privilege log. (Def.'s Mem. at 10-11.) To support this argument, Charter Oak cites <u>Session v. Rodriguez</u>, No. 3:03-CV-943(AWT), 2008 U.S. Dist. LEXIS 43761, at *6 (D. Conn. June 4, 2008), for the generally valid proposition that failure to produce a privilege log waives any assertion of privilege. However, other courts have held that

while "failure to provide a privilege log in a timely manner may result in a waiver, only 'flagrant violations' require such an outcome." See Grand River Enters. Six Nations v. King, No. 02-Civ-5068(JFK), 2009 U.S. Dist. LEXIS 2045, at *48 (S.D.N.Y Jan. 9, 2009) (citing Pem-America, Inc. v. Sunham Home Fashions, No. 03-Civ-1377, 2007 U.S. Dist. LEXIS 80548, at *5 (S.D.N.Y. Oct. 30, 2007) (finding that failure to provide a privilege log alone does not warrant a waiver of the attorney-client privilege)).

The court finds that Essex's failure to provide a timely privilege log is flagrant. Charter Oak submitted its production requests to Essex on April 21, 2009. On May 21, 2009, Essex protested these requests by making "attorney client privilege and/or work product doctrine" objections. No privilege log was provided at that time. Instead, Essex produced a privilege log –- containing just one document –- on October 22, 2009. In that gap of more than five months, Charter Oak was forced to file a motion to compel and a memorandum and affidavit in support of said motion. Moreover, the items that Charter Oak sought in its initial requests for production were not even included in Essex's privilege log.

Essex's actions amount to a flagrant delay tactic. Essex hid behind a veil of attorney-client privilege and work product doctrine for more than five months without producing a privilege log. Then, when faced with the realization that its claim of privilege would be waived without producing a timely privilege log,

-11-

Essex scrambled to assemble such a log -- containing just one document -- that offered little protection from Charter Oak's nine production requests.  In other words, Essex refused to fully respond to Charter Oak's nine production requests by claiming that only one letter, dated March 28, 2007, was privileged.  In so doing, Essex suppressed over one hundred pages of relevant information -- pages that it eventually provided to Charter Oak on September 14, 2007 -- under a dubious attorney-client privilege for more than five months.  This stall tactic unquestionably and unfairly delayed discovery in this case.

Essex did eventually produce much of the documentation and information that Charter Oak requested, albeit "without waiving pending objection."  Since Essex's objections were and are without merit, Essex is hereby ordered to produce all heretofore withheld documents, files, and communications that are responsive to Charter Oak's nine production requests.

Charter Oak also alleged that Essex failed to comply with District of Connecticut Local Rule 34 in that Essex did not organize or label the documents corresponding to Charter Oak's production requests.  A brief examination of the materials Essex provided on September 14, 2009, confirms the basis for Charter Oak's allegation.  The documents may, in fact, be responsive to Charter Oak's production requests, but they are cumbersome to read and identify.  In total, Essex provided 75 pages of documents,

including e-mails, insurance policy language, and what are ostensibly insurance quotes.  Essex did not label any of these documents according to the numbered production requests that Charter Oak made.  Essex's failure to do so prevented Charter Oak from ensuring that it had received all responsive documents and that the documents it received are, in fact, responsive to its requests.  Essex, therefore, violated Federal Rule of Civil Procedure 34.

Finally, Essex objected to many of Charter Oak's requests for production on the grounds that the requests sought "irrelevant and unnecessary information."  The court finds merit in Charter Oak's arguments that the Federal Rules of Civil Procedure construe "relevance" broadly and that its production requests are plainly relevant to the subject matter involved in the pending litigation; namely, whether the act of cutting or trimming of duct work falls within the scope of the business description of risk afforded coverage, which is determinative of whether Essex owes a duty to defend or indemnify Interstate.  Accordingly, the court finds no bar to Essex's production of documents pursuant to Charter Oak's relevant requests.  Charter Oak's motion to compel Essex's full responses to its production requests is therefore **granted**.

### III. Conclusion

The defendant's motion (dkt. # 95) is **GRANTED in part** and **DENIED in part.**  Quite understandably, the defendant has also moved

for an award of reasonable fees incurred in bringing this motion. The award of any fees in connection with this motion will be considered, on application, at the conclusion of all proceedings in this case.

This is a discovery ruling and order that may be reviewed pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a),(e), and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. Accordingly, it is an order of the court. See 28 U.S.C. § 636(b) (written objections to magistrate's ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 7th day of December, 2009.**

> **/s/ Thomas P. Smith**
> **Thomas P. Smith**
> **United States Magistrate Judge**